CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMY G. ROBERTS, | ) | CASE NO. 7:18CV00487 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| C. O. LANE, ET AL. | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Jeremy C. Roberts, an inmate at the regional jail facility in Duffield, Virginia, filed this pro se civil rights action under 42 U.S.C. § 1983. Roberts alleges that when the defendant jail officer "wrecked the transport van," Roberts' back "was broke," "medical did not treat [him] adequately," and he "was placed in segregation in retaliation to lawsuit." Compl. 2, ECF No. 1. Upon review of the record, the court finds that the action must be summarily dismissed for failure to exhaust administrative remedies.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies at the prison. See Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The § 1983 complaint form that Roberts used to file this case includes this question: "Have you filed any grievances regarding the facts of your complaint?" Compl. 1, ECF No. 1. In response, Roberts checked "No." Id. He states, "I don't know of any grievance procedures regarding this type of situation." Id. at 3. Roberts' ignorance of the jail's administrative

remedies procedure and whether it applies to the issues in this case cannot excuse his failure to make any effort at utilizing the jail's procedures. Ross, 136 S. Ct. at 1857-88 (rejecting argument that inmate was excused from attempting satisfaction of § 1997e(a) exhaustion requirement based on his reasonable, but mistaken belief that available administrative remedies did not apply to his issue). Accordingly, the court finds it clear from the face of the complaint that he did not satisfy the exhaustion requirement in compliance with § 1997e(a) before filing this action. On that basis, the court will dismiss the case without prejudice. Such a dismissal leaves Roberts free to refile one or more of his claims after he has exhausted available administrative remedies as required by law.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of November, 2018.

_____
Senior United States District Judge

---

[1] The court also finds that Roberts' current complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1) (allowing summary dismissal of complaint for failure to state a claim). A jail official's mere failure to use appropriate care while driving is, at most, negligence, and negligent acts by state officials do not support a § 1983 claim, which requires showing that the plaintiff was deprived of a constitutional right. See Cty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). In addition, Roberts' complaint does not state facts showing that the one named defendant was personally involved in the deficient medical care or the retaliation that Roberts alleges. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that § 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").